| | |
|---|---|
| TERESA DIANE HASME,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>        Defendant. | CASE NO. 2:17-cv-01247 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 5). This matter has been fully briefed. *See* Dkt. 12, 13, 14.

After considering and reviewing the record, the Court concludes that the ALJ did not commit harmful legal error during the evaluation of plaintiff's Social Security claim. Although plaintiff contends that the ALJ erred when evaluating plaintiff's allegations and

testimony, there are many inconsistencies and conflicts between plaintiff's testimony at her hearing about her limitations, and the statements and reports throughout the medical record regarding her activities and abilities.

Similarly, although plaintiff argues that the ALJ erred when evaluating the medical evidence, Dr. Chen's January 2015 opinions were internally inconsistent, inconsistent with the longitudinal record, and based on plaintiff's subjective reports, which the ALJ properly rejected.

Accordingly, the Court orders that this matter be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, TERESA HASME, applied for disability benefits on June 24, 2013 alleging a disability onset date of November 1, 2003. *See* AR. 209-17. The Court notes that the ALJ erroneously refers to plaintiff's application date as May 2013 throughout the decision. *See* AR. 29, 35-38, 209-217. Plaintiff was born in 1962 and was 40 years old on the alleged disability onset date. *See id.* Plaintiff has a tenth grade education. AR. 54-55. Plaintiff has no relevant work history. AR. 57

According to the ALJ, plaintiff has at least the severe impairments of "osteoarthritis, carpal tunnel syndrome, asthma, obesity, affective disorder, anxiety disorder, and substance use disorder (20 CFR 416.920(c))." AR. 31.

At the time of the hearing, plaintiff was living in an apartment with her adult son. AR. 53.

# PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* AR. 86-99, 100-14. Plaintiff's requested hearing was held before Administrative Law Judge Mary Gallagher Dilley ("the ALJ") on February 5, 2015. *See* AR. 48-84. On October 29, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 26-47.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) The ALJ erred in weighing of the medical opinion evidence; (2) The ALJ erred in her consideration of plaintiff's allegations; and (3) The ALJ erred in her consideration of the lay witness statement. *See* Dkt. 12 at 1.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**(1)  Did the ALJ err in weighing the medical opinion evidence?**

Plaintiff argues that the ALJ erred in her consideration of the medical opinion evidence of treating physician Dr. Fredrick Chen, M.D. regarding the limitations arising

from her carpal tunnel syndrome. Dkt. 12 at 2-6. Dr. Chen was plaintiff's primary care physician throughout the period under consideration. *See* AR. 312-321, 460-77.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). In doing so, the ALJ "has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).

In October 2008, over four years prior to plaintiff's disability application date, Dr. Chen opined that plaintiff could perform light work with a limited restricted mobility, agility and flexibility in handling. AR. 316-319. The ALJ gave significant weight to this opinion, reasoning that it was consistent with plaintiff's longitudinal examination

findings and overall reporting of her symptoms, both before and after plaintiff's disability application date. AR. 38-39.

On January 29, 2015, Dr. Chen completed a physical functional evaluation form and opined that plaintiff did not have any non-exertional limitations such as chemical sensitives or an inability to work at heights. AR. 474. Dr. Chen further opined that plaintiff was severely limited in her ability to work in a regular, predictable manner and unable to meet the demands of sedentary work. AR. 475. Sedentary work is defined as "[a]ble to lift 10 pounds maximum and frequently lift or carry lightweight articles. Able to walk or stand only for brief periods." AR. 475.

In medical source statement of plaintiff's ability to do work-related activities dated January 30, 2015, Dr. Chen opined that plaintiff could occasionally lift and carry up to ten pounds, could not frequently lift any amount of weight, and could never lift over ten pounds. AR. 467. Dr. Chen opined that plaintiff could sit for ten minutes, stand for ten minutes, and walk for ten minutes at a time. AR. 467. Dr. Chen opined that plaintiff could walk for one hour total in an eight-hour day, but did not offer an assessment of her total ability to sit or stand. AR. 467. Dr. Chen also opined that plaintiff could never tolerate exposure to the following conditions: unprotected heights, moving mechanical parts, operating a motor vehicle, humidity and wetness, dust, odors, fumes and pulmonary irritants, extreme cold, extreme heat, and vibrations. AR. 470.

The ALJ gave minimal weight to Dr. Chen's January 2015 opinions for three reasons, Dr. Chen's January 2015 opinions were: (1) internally inconsistent; (2)

inconsistent with the longitudinal examination findings and lack of treatment; and (3) based on plaintiff's subjective reporting of severe pain symptoms. AR. 39.

a. Internally Inconsistent Regarding Non-Exertional Limitations

First, the ALJ rejected Dr. Chen's January 2015 opinions because they were internally inconsistent in regards to plaintiff's non-exertional limitations. AR. 39. An ALJ may reject a doctor's opinion that is inconsistent with the doctor's treatment notes. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). There is no dispute that Dr. Chen opined on January 29, 2015 that plaintiff did not have any non-exertional limitations or workplace restrictions such as chemical sensitivities or an inability to work at heights. AR. 474. However, in his January 30, 2015 opinion, Dr. Chen found that plaintiff could not tolerate exposure to conditions such as unprotected heights and dust, fumes, odors and pulmonary irritants. AR. 470. Because these opinions are internally inconsistent with each other, the ALJ has provided a specific and legitimate reason for rejecting Dr. Chen's opinion, which is supported by substantial evidence in the record.

b. Inconsistent with Longitudinal Examination Findings and Lack of Treatment

Next, the ALJ found that Dr. Chen's January 2015 opinions were inconsistent with the longitudinal examination findings and lack of treatment. AR. 39. An ALJ need not accept an opinion, which is inadequately supported "by the record as a whole." *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Here, the evidence is ambiguous and contradictory as to whether Dr. Chen's 2015 opinions are supported by the longitudinal record. On one hand, the ALJ referenced several occasions in which Dr. Chen's January 2015 opinions were not supported by the

longitudinal record. First, despite opining that plaintiff had debilitating osteoarthritis, Dr. Chen noted that plaintiff had no recent x-rays and normal lab tests. AR. 467, 474. Treatment notes from other providers indicated that plaintiff had no swelling, normal range of motion and no edema in her upper extremities. AR. 395 (noting "physical and objective laboratory data does not seem to corroborate with an inflammatory process…lack of effusions/joint swelling"), 493-94, 513-15. Moreover, aside from requesting additional pain medication without an appointment, plaintiff failed to seek treatment with Dr. Chen from October 2013 until January 2015. AR. 437, 448-50.

On the other hand, a December 2012 treatment note reflects that plaintiff presented to the emergency room with hand pain. AR 326. Phalen's and Tinel's testing were positive and the provider found that plaintiff's symptoms were consistent with carpal tunnel syndrome. AR. 327. An examination on October 18, 2013 indicated that plaintiff had normal range of motion, no motor or sensory deficits, and no edema or erythema, but had tenderness in her entire right arm. AR. 484, 485. Plaintiff also sought treatment with Dr. Daniel Arnett, M.D., a rheumatologist, in February 2014, for an evaluation of possible inflammatory/auto-immune disease and diffuse chronic joint pain, AR. 394.

Accordingly, as the evidence is ambiguous, the Court concludes that the ALJ's finding that Dr. Chen's January 2015 opinions were inconsistent with plaintiff's longitudinal examination findings and lack of treatment must be upheld. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citing *Morgan, supra,* 169 F.3d at 599, 601) (It is not the job of the court to reweigh the evidence: If the evidence "is susceptible to

more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld.").

   c. Plaintiff's Self-Reports

Third, the ALJ found that "Dr. Chen's minimal degree of objective evidence indicates that he heavily relied on claimant's subjective reporting of severe symptoms." AR. 39. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200).

Here, although Dr. Chen's treatment notes do reflect some swelling and tenderness in plaintiff's wrists and finger joints, AR. 382-83, the record does not reflect any clinical findings such as x-ray findings or lab test results confirming plaintiff's pain or supporting her limitations, AR. 467. Therefore, it follows that Dr. Chen's 2015 opinions that plaintiff has debilitating pain, and her limitations related to that pain, are largely based on plaintiff's subjective reports. Accordingly, the ALJ did not err in failing to credit fully Dr. Chen's January 2015 opinions because they were based to a large extent on plaintiff's reports of pain, which were properly rejected by the ALJ, *see supra* section 2. *Fair v.*

*Bowen,* 885 F.2d 597, 605 (9th Cir. 1989) (rejecting treating physician's opinion where based on discredited subjective accounts of pain).

**(2)  Did the ALJ err in her consideration of plaintiff's allegations?**

Plaintiff contends that the ALJ erred when failing to credit fully her allegations and testimony. Dkt. 12. Plaintiff focuses on the ALJ's assessment of her physical limitations, and does not challenge the ALJ's findings regarding her psychological limitations. *See* Dkt. 12; AR. 37-38.

Plaintiff testified that she is limited to sedentary work due to fibromyalgia and osteoarthritis. AR. 63. She testified that she is unable to exercise or walk more than a block or two. AR. 66-67. Plaintiff testified that she has limited use of her hands because of arthritic changes and swelling. AR. 64. She reported needing long periods of time to perform personal care due to pain and limited use of her hands. AR. 67-68. Plaintiff testified that she smokes cigarettes on a daily basis, was a recovering addict, and had used both marijuana and oxycodone since her application date. AR. 55-56, 58. In her function report, plaintiff reported that she is able to do laundry, sweep and vacuum, but needs assistance with tasks such as scrubbing floors, shower walls, and tubs, and washing walls. AR. 260. Plaintiff reported that it is hard for her to hold or pick up coins, there are times when she cannot hold a fork, and she has difficulty bathing and using the restroom. AR. 259.

The ALJ rejected plaintiff's subjective symptom testimony reasoning that: (1) plaintiff's substance abuse, drug-seeking behavior and inconsistent statements about this use indicated that her symptoms and impairments had been exaggerated in order to

receive narcotics and (2) the objective medical evidence was inconsistent with plaintiff's allegations, including poor persistence with treatment and a limited treatment history. AR. 35-38.

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)). In evaluating a claimant's allegations of limitations, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted).

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen, supra*, 80 F.3d at 1281-82 (citing *Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen, supra*, 80 F.3d at 1281-82. If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen, supra*, 80 F.3d at 1284 (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)); *see also Reddick, supra*, 157 F.3d at 722 (citing *Bunnell v. Sullivan, supra*, 947

F.2d at 343, 346-47). For the reasons stated herein, the Court concludes that is what the ALJ did here.

### a. Plaintiff's Substance Abuse

The ALJ found that plaintiff's drug-seeking behavior, inconsistent statements about her substance abuse, and lack of persistence with other forms of pain management severely detracted from her credibility and indicated that plaintiff exaggerated her symptoms and impairments to receive pain narcotics. AR. 38.

Plaintiff argues that the record does not support the ALJ's finding. Dkt. 12 at 8-9. Specifically, plaintiff alleges that the record demonstrates that she sought medication to treat an exacerbation of her symptoms in 2012, very limited use of narcotics, and no evidence that plaintiff used her medications improperly. *Id.*

An ALJ may afford less weight to plaintiff's testimony based on his or her contemporaneous substance use. *See Thomas,* 278 F.3d at 959 (upholding adverse credibility determination where claimant had "present[ed] conflicting information about her drug and alcohol use").

The ALJ cited to several instances where plaintiff did not make the same report regarding her historic and current use of marijuana. AR. 35-36. The record supports the ALJ's finding that plaintiff's reports were contradicted by both her own accounts, AR. 55-56, 58, 337, 397, and the results of a drug test, AR. 458, which sheds light on the overall accuracy and reliability of her testimony. Accordingly, based on the inconsistencies between plaintiff's testimony and the evidence regarding her drug use, this is a valid reason, supported by substantial evidence, to reject plaintiff's subjective

symptom testimony, as it calls into question the validity of plaintiff's allegations and testimony. *See Thomas,* 278 F.3d at 959.

The ALJ also identified several instances where plaintiff lacked persistence with treatment, suggesting that when she did seek treatment, she did so in order to receive narcotic pain medication. AR. 38 (citing AR. 383, 485, 448-450, 493-94). It appears that plaintiff did request refills of her Oxycodone medication, and that when Dr. Chen's office refused to prescribe narcotic pain medication without an appointment, plaintiff was displeased, stated that she could obtain medication from her dentist, and failed to attend a follow-up appointment with Dr. Chen. AR. 383, 485, 448-450, 493-94. This suggests that she was seeking treatment to obtain such narcotic pain medication. However, as plaintiff points out, Dkt. 12 at 8-9, there is no evidence that she used her medications improperly. *See id.* As the evidence is ambiguous, the Court concludes the ALJ's finding must be upheld. *See Allen*, 749 F.2d at 579 (court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence); *Thomas*, 278 F.3d at 954 (citing *Morgan, supra,* 169 F.3d at 599, 601) (It is not the job of the court to reweigh the evidence: If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld.").

b. <u>Objective Evidence</u>

Next, the ALJ found that the objective medical evidence was inconsistent with plaintiff's subjective symptom testimony. AR. 35-38. Specifically, the ALJ noted that plaintiff's medical records prior to her application date of June 2013 indicate plaintiff had

poor persistence with treatment. AR. 35-38. After her application date, the ALJ found that plaintiff had a limited treatment history and the examination findings and treatment records contradicted plaintiff's allegations of extremity swelling and weight gain, and her allegations of shortness of breath were incompatible with her ability to smoke cigarettes. AR. 35-38.

Although an ALJ may not discredit a plaintiff's testimony as not supported by objective medical evidence once evidence demonstrating an impairment has been provided, *Bunnell*, *supra*, 947 F.2d at 343, 346-47 (citing *Cotton, supra*, 799 F.2d at 1407), an ALJ may discredit a plaintiff's testimony when it contradicts evidence in the medical record. *See Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995).

i. Records prior to application date

Plaintiff applied for disability benefits in June 2013, alleging a disability onset date of November 1, 2003. AR. 209-217. The ALJ found that the medical records prior to plaintiff's application date indicate poor persistence with treatment. AR. 35-36.

The record supports the ALJ's finding. For example, treatment notes from December 20, 2012 reflect inconsistent complaints related to strength in plaintiff's right hand. AR. 35 (citing AR. 326-38, 368-69). In January 2013 and February 2013, plaintiff failed to attend therapy appointments for her hand. AR. 361-62. In March 2013, plaintiff sought treatment for right shoulder pain, but had no other documented pain complaints. AR. 363. The March 2013 treatment notes also reflect that plaintiff exhibited "pain maximizing behavior when in [the examination] room," but was "sitting quietly when

observed from [the] hall." AR 364. In April 2013, plaintiff had a normal range of motion in her extremities. AR. 482.

ii. Limited treatment history and inconsistent with examination findings

Next, the ALJ found that treatment records after plaintiff's application date were inconsistent with her complaints of debilitating pain, weight gain, and shortness of breath. AR. 36. The record also supports this finding.

Regarding plaintiff's pain in her joints and extremities, despite applying for disability benefits in June 2013, plaintiff had no documented medical care from May 2013 to October 2013. *See* AR. 377-93. In October 2013, plaintiff sought treatment with Dr. Chen, who noted that he had not treated plaintiff for several months, and that plaintiff had not received any refills of pain medication since January 2013. AR. 382-84. Plaintiff saw a rheumatologist in February 2014, but has no subsequently documented treatment for join pain, joint swelling, or other rheumatologic issues. AR 394-96. Plaintiff did not return for treatment with Dr. Chen until January 2015. AR 473-77. At that time, Dr. Chen referred plaintiff to a pain clinic, rheumatologist and physical therapy, AR 473-77, but there is no further treatment documented in the record.

Regarding plaintiff's feet swelling and weight gain, plaintiff testified that she gained 40 or 50 pounds in 2014 because her feet swell up and she has not been able to put on shoes and needs to elevate her feet. AR 54. However, the treatment records show that on October 2013, plaintiff weighed 191 pounds. AR. 382-84. In February 2015 and June 2015, she weighed between 207 and 208 pounds, only 17 pounds more, contrary to her testimony that she gained 40 or 50 pounds in 2014. AR 53-54, 531.

Plaintiff's treatment records also contradict her allegations of shortness of breath, which the ALJ found to be incompatible with plaintiff's ability to smoke cigarettes. AR. 37. For example, prior to her application date, treatment notes reflect a diagnosis of asthma and the prescription of an inhaler. AR 368. However, there is no documented treatment for asthma after her application date, and plaintiff consistently presented with clear lungs, normal breathing and no respiratory distress. AR. 383, 404, 419, 485, 494, 513-14. Plaintiff has denied coughing or shortness of breath. AR. 382, 484-85, 514.

Although plaintiff now argues that the ALJ failed to consider her reasons for not seeking treatment and that her minimal treatment for her impairments *could* have been related to her work activity, *see* Dkt. 12 at 7-8, plaintiff does not present any evidence to support her allegation, *see id.* Plaintiff also contends that the ALJ failed to consider the adjustments that plaintiff made to avoid exacerbating her symptoms, but only references the fact that plaintiff limited her activities to accommodate her symptoms, which does not indicate that plaintiff failed to seek treatment because her symptoms prohibited her from doing so. Dkt. 12 at 8. Nor does plaintiff allege that she lacked medical insurance, lacked access to affordable care, or otherwise provided any reasons for her failure to seek treatment. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (The ALJ only errors in discrediting the claimant for a failure to seek greater treatment when the claimant "has good reason for not" seeking treatment, such as a lack of insurance coverage, which the ALJ fails to consider.). Accordingly, the objective medical evidence supports the ALJ's decision to reject plaintiff's subjective symptom testimony.

(3) **Did the ALJ err in her consideration of the lay witness statement?**

Plaintiff contends the ALJ failed to give germane reasons for giving little weight to the lay witness testimony of Marilyn Hasme, plaintiff's mother. Dkt. 12 at 9-10.

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even if the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Lewis*, 236 F.3d at 512.

In a third-party function report, Ms. Hasme reported that plaintiff's hands and wrists would swell which caused difficulty with dressing, cleaning herself, and using utensils, and that plaintiff had difficulty picking up small objects such as coins, and holding objects such as books. AR. 227-31. Ms. Hasme reported that plaintiff did not cook very often. AR. 229. The ALJ gave Ms. Hasme's testimony "minimal weight" as it was not supported by the objective medical findings and was internally inconsistent. AR. 38. The ALJ agreed that Ms. Hasme's testimony was consistent with the ability to tolerate routine social interaction. AR. 38.

The ALJ found that Ms. Hasme's statement was not supported by objective medical evidence. AR. 38. The ALJ referred to plaintiff's normal range of motion, no motor or sensory deficits, and no edema or erythema, and that the records indicated plaintiff had minimal persistence with prescribed care for her reported symptoms, and no documented psychological complaints since her application date. AR. 38. Plaintiff argues that the ALJ could not reject Ms. Hasme's opinion simply because it was not wholly corroborated by the objective evidence. Dkt. 12 at 10. The Court agrees. "[T]he ALJ [cannot] discredit [ ] lay testimony as not supported by medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009). The Ninth Circuit has found, "[t]he rejection of the testimony of [the claimant's] family members because [the claimant's] medical records did not corroborate her fatigue and pain violates SSR 88-13, which directs the ALJ to consider the testimony of lay witnesses where the claimant's alleged symptoms are *unsupported* by her medical records." *Smolen*, 80 F.3d at 1289 (emphasis in original)' *Bruce*, 557 F.3d at 1116. Therefore, the first reason given by the ALJ to discredit plaintiff's mother is not germane.

The ALJ also found that Ms. Hasme's statement was internally inconsistent. AR. 38. The record supports this finding. While Ms. Hasme reported that plaintiff had difficulty with dressing, cleaning herself, and using utensils, and that plaintiff had difficulty picking up small objects such as coins, and holding objects such as books, Ms. Hasme also reported that plaintiff did most of the cleaning, could sweep the floor once or twice a day, and do the dishes. AR. 227-30. As found by the ALJ, cleaning and sweeping are not consistent with an inability to hold objects, use utensils, dress and clean oneself.

All of these activities would require use of the hands and wrists. Therefore, the second reason given by the ALJ to discredit plaintiff's mother is germane and supported by substantial evidence.

Moreover, because both plaintiff and her mother testified to similar limitations, the ALJ's analysis and reasoning for rejecting plaintiff's testimony "apply with equal force to [the mother's] testimony." *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012). Therefore, any error in the ALJ's discussion of Ms. Hasme's statement is harmless. *Id.* (finding harmless error where the ALJ failed to discuss testimony from the family members when the testimony from the family members did not describe limitations beyond those described by the claimant, whose testimony the ALJ properly discredited).

In sum, the ALJ provided a germane reason for rejecting Ms. Hasme's testimony and validly rejected the limitations described by Ms. Hasme in discussing plaintiff's testimony. The Court therefore concludes that the ALJ did not commit reversible error in his analysis of the lay evidence.

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for defendant and the case should be closed.

Dated this 13th day of June, 2018.

J. Richard Creatura
United States Magistrate Judge